IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT KOVAC<br>2630 Newton Falls Bailey Rd<br>Warren, Ohio 44481 | CASE NO: |
| Plaintiff | JUDGE: |
| CHERYL KOVAC<br>2630 Newton Falls Bailey Rd<br>Warren, Ohio 44481 | |
| Plaintiff | |
| v. | |
| LORDSTOWN CONSTRUCTION<br>RECOVERY, LLC,<br>c/o its Statutory Agent,<br>C T Corporation System,<br>4400 Easton Commons Way,<br>Suite 125,<br>Columbus, Ohio 43219, | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff brings this class action against Defendant Lordstown Construction Recovery LLC, which owns and operates the Lordstown Construction Recovery landfill located in Trumbull County, Ohio. Through operation of its landfill, Defendant releases noxious odors and dust that invade Plaintiff's property, causing property damage through negligence, gross negligence and nuisance.

## PARTIES

2. At all times relevant hereto, Plaintiff's Robert and Cheryl Kovac (Husband and Wife) have been citizens of Ohio and has owned and resided at the property located at 2630 Newton Falls Bailey Rd. Warren, Ohio 44481.

3. Defendant, Lordstown Construction Recovery, LLC, is a Delaware Corporation with its principal place of business in Warren, OH.

4. Defendant's landfill ("the Landfill") is located at 6205 Palmyra Rd, Warren, Ohio.

5. Upon information and belief, Defendant, including its predecessors and agents, either constructed or directed the construction of the landfill and exercised control and ownership over the landfill.

6. Defendant may be served with process through its agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

7. Plaintiff's Robert and Cheryl Kovac are citizens of Ohio, and Defendant is a citizen of Delaware.

8. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

9. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the State of Ohio because it regularly conducts substantial business in Ohio through the ownership and/or operation of the Landfill.

10. Defendant at all relevant times hereto conducted substantial business in this district, and many of the acts, occurrences and/or transactions alleged in this Complaint occurred in this District.

11. Venue in the United States District Court for the Northern District of Ohio is proper because Defendant transacts business within this District and a substantial portion of the events giving rise to the claims at issue in this Complaint occurred in this District.

## OVERVIEW OF ALLEGATIONS

12. Defendant accepts thousands of tons of waste per day, including but not limited to construction and demolition waste for disposal at its landfill.

13. Materials deposited into Defendant's landfill decompose and generate (among other things) landfill gas, an odorous and offensive byproduct of decomposition which generally consists of hydrogen sulfide, methane, carbon dioxide, and various odorous compounds.

14. Landfill gas from landfills that contain construction and demolition debris can be especially odiferous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

15. Plaintiff's property has been and continues to be physically invaded by noxious odors and dust.

16. The noxious odors and dust which entered Plaintiff's property originated from Defendant's landfill.

17. These odors and dust caused by the Landfill have been and continue to be dispersed across all public and private land in the area.

18. At all times relevant hereto, the Landfill has been managed and operated exclusively by Defendant.

19. A properly constructed, operated, and maintained landfill will collect, capture and destroy landfill gas from the landfill in order to prevent it from escaping into the ambient air as fugitive emissions.

20. Defendant is required to control its noxious emissions by, among other things, following proper landfilling practices, utilizing adequate landfill cover and covering practices, utilizing adequate lining and lining practices, and installing, operating and maintaining systems for the routing, capture, removal, and elimination of leachate and landfill gas.

21. Defendant has failed to sufficiently manage, collect, capture, and destroy landfill gas generated at its landfill to prevent fugitive emissions and to otherwise prevent odors and dust from the landfill from invading the homes and property of Plaintiff

22. Defendant has failed to adequately control its noxious emissions, in ways including but not limited to an inadequate landfill gas collection system; inadequate wellhead vacuum; inadequate monitoring; inadequate and/or improper cover and covering practices; inadequate and/or improper lining practices; inadequate collection and management of leachate systems; excess intake of construction and demolition materials without adequate gas and leachate collection and extraction systems; and inadequate use of odor neutralizing systems and products.

23. Defendant has failed to properly control the offsite emission of dust in ways, including but not limited to:

    a. Failure to utilize dust control measures at the working face and while unloading railroad cars;

    b. Insufficient vegetation and improper erosion control;

    c. Failure to use tarps on open vehicles and failure to use enclosed spaces where necessary.

24. The Landfill and its noxious emissions have been the subject of frequent complaints from residents in the nearby residential area.

25. As a result of the Defendant's noxious emissions and resulting complaints, the Ohio EPA has issued the Defendant numerous Notices of Violation (NOV), including but not limited to the following:

    a. a. NOV issued on January 24, 2022, due to excessive off-site emissions of hydrogen sulfide;

    b. NOV issued on December 27, 2021, due to excessive off-site emissions of hydrogen sulfide;

    c. NOV issued on October 5, 2021, due to excessive emission of fugitive dust;

    d. NOV issued on October 5, 2021, for failure to inspect incoming material for prohibited waste. A second NOV was also issued on October 5, 2021, for multiple violations;

    e. NOV issued on January 27, 2021, due to excessive off-site emissions of hydrogen sulfide;

    f. NOV issued on December 11, 2020, due to excessive off-site emissions of hydrogen sulfide;

    g. NOV issued on November 27, 2020, due to excessive off-site emissions of hydrogen sulfide;

    h. NOV issued on March 24, 2020, due to excessive off-site emissions of hydrogen sulfide;

    i. NOV issued on February 19, 2020, due to excessive off-site emissions of hydrogen sulfide;

26. The Landfill has emitted, and continues to emit, objectionable odors and dust that are detectable outside the bounds of its property.

27. The Landfill has emitted objectionable odors and dust that have caused negative impacts to its neighbors.

28. Plaintiffs suffer from physical discomfort because of Defendant's noxious odors and dust, including but not limited to nausea, stomach aches, difficulty breathing, and headaches.

29. . The foul odors and dust emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiffs to use and enjoy their homes and property.

30. The Area is home to a wide range of commercial and recreational activities, including but not limited to agriculture, transportation, warehousing, retail trade, health care and social services, construction, mining, manufacturing, educational services, and dining.

## CAUSE OF ACTION I PRIVATE NUISANCE

31. Plaintiff restates the allegations of this Complaint as if fully restated herein.

32. Defendant owed, and continues to owe, a duty to Plaintiffs to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

33. The fugitive noxious odors, dust and air particulates which entered the properties of Plaintiffs originated from the Defendant's landfill, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

34. The noxious odors, fugitive dust and air particulates invading the properties of Plaintiffs are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

    a) Forcing Plaintiffs to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

    b) Causing Plaintiffsto keep their doors and windows closed when they would otherwise have them open;

    c) Depriving Plaintiffs and of the value of their homes and properties;

    d) Causing Plaintiffs members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

    e) Causing Plaintiffs embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing Plaintiff and Class Members from utilizing the outdoor areas of their respective properties.

35. Plaintiff's properties are situated in such proximity to the Defendant's landfill as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors, airborne dust and particulates emitted from the landfill.

36. By constructing and then failing to reasonably repair, maintain, and/or operate the landfill, thereby causing noxious odors, dust and air particulates to physically invade the property of Plaintiffs, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with Plaintiff's properties.

37. As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, Plaintiffs suffered damages to their properties as alleged herein.

38. Plaintiffs did not consent to the invasion of their properties by the Defendant's noxious odors, fugitive dust or air particulates, which is ongoing and constitutes a nuisance.

39. Any social utility that is provided by the landfill is patently outweighed by the harm suffered by Plaintiffs, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

40. Defendant's substantial and unreasonable interference with use and enjoyment of the properties of Plaintiffs constitutes a private nuisance. Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II PUBLIC NUISANCE

41. Plaintiffs restate the allegations of this Complaint as if fully restated herein.

42. Plaintiffs utilize their properties as residences and reside within the Class Area.

43. The fugitive noxious odors, dust and air particulates that enter the properties of Plaintiffs originated from the Defendant's landfill, which is in close proximity to the Plaintiffs' home.

44. The unreasonable noxious odors, fugitive dust and air particulates emitted by the Defendant's landfill have been, and continue to be, dispersed affecting Plaintiffs' property.

45. Defendant's noxious odors, fugitive dust and air particulate emissions have interfered with the Plaintiff's right to breathe unpolluted and uncontaminated air. 6

46. By failing to reasonably design, operate, repair, and maintain the landfill, the Defendant has caused an invasion of the property of Plaintiffs by noxious odors, fugitive dust and air particulates on frequent occasions that are too numerous to individually list herein.

47. The noxious odors, fugitive dust and air particulates invading the properties of Plaintiffs are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of Plaintiff's property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property. This includes, but is not limited to:

    a. Forcing Plaintiffsto remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

    b. Causing Plaintiffs to keep their doors and windows closed when they would otherwise have them open;

    c. Depriving Plaintiffs of the value of their homes and properties;

    d. Causing Plaintiffs members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

    e. Causing Plaintiffs embarrassment, inconvenience, and reluctance to invite guests to their homes.

48. As a foreseeable, direct, and proximate result of the forgoing conduct by the Defendant, Plaintiffs have suffered special damages to their properties as alleged herein.

49. As stated herein, the repeated, substantial, and unreasonable interferences with public and private rights has been documented by governmental authorities and citations have been issued for violations of applicable Ohio laws and regulations.

50. Plaintiffs did not consent to the invasion of their properties by the Defendant's noxious odors, fugitive dust and air particulates, which is ongoing and constitutes a nuisance.

51. By failing to reasonably operate, repair, and/or maintain the landfill so as to abate nuisances such as air particulate emissions, the Defendant has acted, and continues to act, intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

52. Plaintiffs suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

53. Any social utility that is provided by the landfill is patently outweighed by the harm suffered by Plaintifs, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

54. Defendant's substantial and unreasonable interference with Plaintiff's use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs have uniquely suffered. Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

### CAUSE OF ACTION III TRESPASS

55. Plaintiff restates the allegations of this Complaint as if fully restated herein.

56. Defendant intentionally, knowingly, purposely, willfully, wantonly, maliciously, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the landfill.

57. As a direct and proximate result of Defendant's conduct, fugitive dust and air particulates physically invaded, entered, settled upon, and accumulated upon the property of Plaintiffs on occasions too numerous to identify independently. This is an ongoing occurrence.

58. It was reasonably foreseeable that the Defendant's failure to properly construct, maintain, and/or operate the landfill would result in such an invasion of Plaintiffs' property by fugitive dust and air particulates.

59. The noxious odors, fugitive dust and air particulates invading the properties of Plaintiffs are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of Plaintiff's property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property. This includes, but is not limited to:

   a. Forcing Plaintiffs to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

   b. Causing Plaintiffs to keep their doors and windows closed when they would otherwise have them open;

   c. Depriving Plaintiffs of the value of their homes and properties;

   d. Causing Plaintiffs members to expend time and money cleaning Defendant's fugitive dust emissions off of their property; and,

   e. Causing Plaintiffs embarrassment, inconvenience, and reluctance to invite guests to their homes.

60. . Plaintiffs did not consent to the physical invasion of their properties by fugitive dust and air particulates emitted from the landfill.

61. The Defendant's actions resulting in the trespass upon the property of Plaintiffs' lands were and continue to be intentional, willful, malicious, and made with a conscious disregard for the rights of Plaintiffs. Plaintiffs are entitled to compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION IV NEGLIGENCE AND GROSS NEGLIGENCE

62. Plaintiff restates the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

63. On occasions too numerous to mention, Defendant negligently and improperly constructed, operated and/or maintained its landfill, causing fugitive emissions to escape and invade the home, land, and property of Plaintiffs.

64. Defendant owed Plaintiffs, as a neighboring landowner, a duty of care with regard to its operation and maintenance of the Landfill.

65. As a direct, proximate, and foreseeable result of Defendant's negligence and gross negligence in constructing, operating, and/or maintaining the Landfill, Plaintiff's property, on occasions too numerous to mention, was physically invaded by noxious odors and dust.

66. As a further direct, proximate, and foreseeable result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their property as alleged herein. Such damages include, but are not limited to, the loss of use and enjoyment of the property of the Plaintiffs and diminution in the value of their property.

67. By failing to properly construct, maintain and/or operate its landfill, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors and dust would not invade the properties of Plaintiffs.

68. By failing to construct, maintain and/or operate its landfill, Defendant has caused the invasion of the properties of the Plaintiffs by noxious odors and dust.

69. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated its landfill and knew, or should have known upon reasonable inspection that such actions would cause the properties of Plaintiffs to be invaded by noxious odors and dust. As a direct and proximate result of the failure of Defendant to exercise ordinary care, the residences of Plaintiffs have been and continue to be physically invaded by noxious odors and dust.

70. Defendant's conduct in knowingly allowing conditions to exist, which caused noxious odors and dust to physically invade the properties of Plaintiffs, constitutes gross negligence as it demonstrates a conscious disregard for their rights and safety.

71. There was a great probability that substantial harm would result from Defendant's acts and omissions in constructing, operating, and maintaining the Landfill.

72. Defendant's gross negligence was malicious and made with a conscious disregard for the rights and safety of Plaintiffs, which entitles them to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF WHEREFORE,

Plaintiffs, pray for judgment as follows:

1. Judgment in favor of Plaintiffs against Defendant;

2. An award, to Plaintiffs, of compensatory and punitive damages and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

3. An Order holding that entrance of the aforementioned noxious odors and dust upon the properties of Plaintiffs constituted a nuisance;

4. An award to Plaintiffs of injunctive relief not inconsistent with Defendant's state and federal regulatory obligations; and

5. Such further relief both general and specific as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Steve Albenze (0089558)
**The Albenze Law Group**
124 Middle Ave., Suite 900
Elyria, OH 44035
Phone -440-523-1783
Fax – 440-284-1736
Email – albenzelawgroup@gmail.com

*Attorney for the Plaintiff*